UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 18, 2013

LETTER TO COUNSEL

RE: *David Anderson v. Commissioner, Social Security Administration*;
Civil No. SAG-12-3423

Dear Counsel:

On November 21, 2012, the Plaintiff, David Anderson, petitioned this Court to review the Social Security Administration's final decision to deny his claim for supplemental security income ("SSI"). (ECF No. 1). I have considered the parties' cross motions for summary judgment. (ECF Nos. 15, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions and remand this case for further proceedings in accordance with this opinion. This letter explains my rationale.

Mr. Anderson filed his claim for SSI on September 28, 2009, alleging disability beginning September 17, 2009. (Tr. 123–30). His claim was denied initially on January 14, 2010 and on reconsideration on June 17, 2010. (Tr. 67–69, 71–72). A hearing was held on March 2, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 25–62). The ALJ concluded that Mr. Anderson was not disabled within the meaning of the Social Security Act. (Tr. 8–24). The Appeals Council denied Mr. Anderson's request for review, rendering the ALJ's decision the final, reviewable decision of the agency. (Tr. 1–5).

The ALJ found that Mr. Anderson suffered from severe impairments including hypertension, degenerative disc and joint disease, obesity, unspecified leg pain, substance abuse, mood disorder not otherwise specific, and histories of sagittal sinus thrombosis, deep vein thrombosis, and pulmonary emboli. (Tr. 13). Despite these impairments, the ALJ determined that Mr. Anderson retained the residual functional capacity ("RFC") to:

> [P]erform light unskilled work as defined in 20 CFR 416.967(b) except that the claimant should never climb ladders, ropes or scaffolds, and only occasionally engage in other postural activities, and should not be exposed to hazards.

(Tr. 15). The ALJ considered the testimony of a vocational expert ("VE") and determined that Mr. Anderson is capable of performing jobs that exist in significant numbers in the national economy, and that therefore, he is not disabled. (Tr. 18–19).

On appeal, Mr. Anderson argues that the ALJ did not properly consider the evaluation of a psychologist, Dr. Anderson, who concluded that Mr. Anderson's mental impairments were disabling. As part of his argument, Mr. Anderson takes issue with several steps in the ALJ's

reasoning. Mr. Anderson argues that the ALJ's reasoning was internally inconsistent because he rejected Dr. Anderson's findings "based on the supposition that Anderson was doing skilled work up to 2009, [y]et the ALJ also found that Anderson was limited to unskilled work." Pl.'s Mot. 6. Mr. Anderson also contends that the ALJ's assessment of his mental impairments was "uncertain" because the ALJ found that he suffered moderate difficulties in social functioning, but only included a limitation to unskilled work in the RFC finding. (Tr. 54–55); Pl.'s Mot. 5. I find that the ALJ properly weighed Dr. Anderson's psychological evaluation. However, the ALJ did not adequately explain his rationale in evaluating Mr. Anderson's mental impairments. As a result, the case will be remanded for further proceedings.

The only opinion in the record devoted solely to the subject of Mr. Anderson's alleged mental impairments is the psychological evaluation of Dr. Anderson. Dr. Anderson diagnosed mood disorder, vascular dementia, and an extremely low level of intellectual functioning, based upon Mr. Anderson's performance on the Wechsler Adult Intelligence Scale. (Tr. 476–81). Mr. Anderson also scored 40 on the Global Assessment of Functioning ("GAF"). However, the ALJ did not find Mr. Anderson's claim of significant cognitive decline to be credible, thus he afforded little weight to Dr. Anderson's evaluation.

First, the ALJ noted that Mr. Anderson had performed skilled work as a bartender and roofer from 2004-2009, despite Mr. Anderson's alleged cognitive impairments beginning in 2002. The ALJ also determined that the results of Mr. Anderson's intellectual functioning tests showed poor performance across the board, indicating that there was no particular decline in one area. (Tr. 14). Mr. Anderson also failed to seek treatment for his alleged mood disorder, thus, there was insufficient medical evidence supporting mental limitations of a chronic nature. (Tr. 14). The ALJ also gave "little weight" to Mr. Anderson's GAF score, finding that it represented only a "snapshot of the claimant's functioning rather than a longitudinal assessment." (Tr. 14–15). Moreover, "a GAF score is not determinative of whether a person is disabled. Rather, the Social Security Administration does not endorse the use of the GAF in Social Security and SSI disability programs, and it does not directly correlate to the severity requirements in the mental disorders listings." *Melgarejo v. Astrue*, No. JKS-08-3140, 2009 WL 5030706, at *2 (D. Md. Dec. 15, 2009) (citing *Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 Fed. Reg. 50746, 50764–65 (Aug. 21, 2000)).

The ALJ also noted several inconsistencies between Mr. Anderson's representations to Dr. Anderson and the agency during his pursuit of benefits, and Mr. Anderson's representations to other doctors when seeking medical treatment. (Tr. 15). Dr. Anderson reported that Mr. Anderson did not smoke, use drugs, or drink more than socially. (Tr. 478). Indeed, in Mr. Anderson's hearing before the ALJ, he denied ever smoking or using drugs, but did admit to drinking about twice a week. (Tr. 41–42). In several of Mr. Anderson's medical records, however, he reported marijuana use, illegal purchase of Percocets, and heavy drinking. (Tr. 212, 250, 266, 269, 340, 354, 361, 453). Dr. Anderson diagnosed Mr. Anderson with mood disorder; however, Mr. Anderson testified before the ALJ that he enjoys bartending because he likes "talking to people." (Tr. 46).

Considering the factors for evaluating medical opinions provided in 20 C.F.R. § 404.1527(c), I find that the ALJ afforded Dr. Anderson's medical opinion proper weight. Dr. Anderson evaluated Mr. Anderson only once, and the ALJ had concerns about Mr. Anderson's credibility in that evaluation, noting that Mr. Anderson's reporting to Dr. Anderson was "far more pessimistic about mental health and less than fully accurate." (Tr. 15). I also disagree with Mr. Anderson's contention that the ALJ's decision was internally inconsistent. The mere fact that the ALJ determined that Mr. Anderson's prior work as a bartender and roofer required skill does not preclude him from finding that Mr. Anderson is capable of only unskilled work since September 28, 2009.

However, the ALJ failed in his duty of explanation with respect to the RFC, which contains no mental restriction other than "unskilled work." In making a mental impairment assessment, the ALJ is required to rate the degree of functional limitation in four areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 416.920a(c). These ratings are performed on a five-point scale of: none, mild, moderate, marked, and extreme. *Id.* In conclusory fashion, the ALJ determined that Mr. Anderson had: (1) mild restriction in activities of daily living; (2) mild difficulties in concentration, persistence, or pace; (3) moderate difficulties in social functioning; and (4) no episodes of decompensation of an extended duration. (Tr. 15). However, the ALJ failed to cite to any specific evidence, medical or otherwise, to support his conclusions. Specifically, it is not clear from the ALJ's opinion what medical evidence the ALJ relied on to reach a finding of moderate difficulty in social functioning. Without knowing the basis of the moderate difficulty finding, I cannot evaluate whether or not a limitation pertaining to social functioning was required in the RFC. In addition to the lack of explanation in the application of the special technique, the ALJ provided no express reasoning relating to social functioning in his RFC determination. This Court will not speculate as to the ALJ's reasoning. Remand is appropriate so that the ALJ can provide substantial evidence to support his conclusions. In so finding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Anderson is not entitled to benefits is correct or incorrect.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) and the Commissioner's motion for summary judgment (ECF No. 19) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge